THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931
    Facsimile: (213) 894-7177
    E-mail: Monica.Tait@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 08-2687 SVW (AGRx) |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE; ORDER THEREON |
| v. | |
| AN INTEREST IN A REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA (HATANIAN), | |
| Defendant. | |
| TSION HATANIAN, | |
| Titleholder. | |

IT IS HEREBY STIPULATED BY AND BETWEEN plaintiff United States of America and potential claimants Tsion Hatanian and Benhour Hatanian as follows:

1.   This agreement is entered into between plaintiff United States of America and potential claimants Tsion Hatanian and

Benhour Hatanian.  Tsion Hatanian is the titleholder to the defendant property.  On May 29, 2008, each of these potential claimants signed a plea agreement with the United States Attorneys Office for the Central District of California.  <u>United States v. Tsion Hatanian</u>, CR 08-00788; <u>United States v. Benhour Hatanian</u>, CR 08-00785.  Pursuant to paragraph 16(g)-(i) of each plea agreement, Tsion and Benhour Hatanian agreed to execute this Consent Judgment.

2.   On April 23, 2008, plaintiff United States of America commenced this judicial forfeiture action by filing a Complaint against the defendant, An Interest in the Real Property Located in Los Angeles, California (the "defendant property").  The Assessor's Parcel Number for the defendant property is 4317-001-057, and a legal description of the property is attached hereto as Exhibit A.  The government's complaint alleged that the defendant property is traceable to funds involved in violations of 31 U.S.C. §§ 5324(a)(1) and (a)(3), and/or a conspiracy to commit one or more of these offenses, and an interest in the property is therefore subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

3.   This Court has jurisdiction over the subject matter of the present action and over the parties to this agreement.

4.   The Complaint states a claim for relief against the defendant property under 31 U.S.C. § 5317(c).

5.   It is the intention of plaintiff United States of America and the claimants to resolve all of their competing claims to the defendant property by this Consent Judgment.  In settlement of this action, Tsion Hatanian and Benhour Hatanian

shall pay to the United States $139,656.30, as a substitute res for the defendant property (the "Settlement Amount"). The Settlement Amount shall be paid in full 3 business days after the date Tsion Hatanian enters his guilty plea in the matter <u>United States v. Tsion Hatanian</u>, CR 08-788. The Settlement Amount shall be paid in the form of a cashiers check (or check issued from an attorney trust account) payable to "United States Treasury," and shall be delivered to the Chief, Asset Forfeiture Section, United States Attorney's Office, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. The following terms and conditions shall apply to such payment:

  a. All funds paid pursuant to this paragraph shall become a substitute *res* for a portion of the defendant property, and shall be condemned and forfeited to the United States pursuant to paragraph 6. To the extent the Settlement Amount is not timely paid in full and paragraph 7 below is triggered, any partial payment(s) made pursuant to this paragraph shall be condemned and forfeited as part of the substitute *res* for the defendant property, and the unpaid balance of the settlement amount shall be paid and forfeited to the United States in the manner set forth in paragraph 6;

  b. Within 3 business days of timely receipt of the full Settlement Amount in the manner set forth in this paragraph 5, an authorized agent of the United States will execute a notarized withdrawal of the Lis Pendens on the defendant property and will promptly deliver the executed document to undersigned counsel for claimants;

```
 1          c.   Tsion and Benhour Hatanian agree that until the full
 2               Settlement Amount is paid (or, if paragraph 7 is
 3               triggered, until the property is sold), they will not
 4               take any action to affect the marketability of the
 5               defendant property.
 6     6.   Upon the payment of all or part of the Settlement
 7 Amount, all right, title, and interest in the Settlement Amount
 8 (or portion thereof) of Tsion Hatanian and Benhour Hatanian is
 9 hereby condemned and forfeited to the United States without
10 further order of this Court, and the United States shall have
11 judgment as to the interests of these persons in the Settlement
12 Amount.  The Internal Revenue Service-Criminal Investigation
13 ("IRS-CI") shall dispose of the Settlement Amount in accordance
14 with law upon the entry of default judgment against the interests
15 of all other potential claimants.
16     7.   If the Hatanians fail to timely pay the Settlement
17 Amount in full as specified in paragraph 5, this paragraph 7
18 shall apply:
19     a.   The United States shall undertake to sell the defendant
20          property in a commercially reasonable manner in order
21          to recover the unpaid balance of the Settlement Amount.
22     b.   Upon the sale of the defendant property, the proceeds
23          are to be distributed as follows:
24          i.   First, for payment of all costs of sale
25               (including, but not limited to, real estate
26               commissions and appraisals);
27          ii.  Second, for payment to the tax assessor's
28               office and tax collector for the County of
```

                    Los Angeles for any real property taxes due and owing on the defendant property as of the date of sale;

        iii.  Third, for payment to the secured lienholders identified in paragraph 6 of the complaint (Bank of America and Villa Glen Town Homes), according to the terms of their deeds of trust;

        iv.  Fourth, for payment to the United States of the unpaid balance of the Settlement Amount. All right, title, and interest of Tsion Hatanian and Benhour Hatanian in funds paid pursuant to this sub-paragraph is hereby condemned and forfeited to the United States without further order of the Court.  The IRS-CI shall dispose of such funds in accordance with law upon the entry of default judgment against the interests of all other potential claimants; and

        v.  Fifth, the remaining sales proceeds, if any, shall be paid via check payable to "Kenneth M. Barish Client Trust Account" and shall be delivered to undersigned counsel for Tsion and Benhour Hatanian within 5 days of the close of escrow.

    c.  In the event this paragraph 7 is triggered, the IRS-CI, or its authorized agents, is hereby empowered without the need for further court order

1                 to terminate all leases affecting the defendant
2                 property, to enter and take possession of the
3                 defendant property by whatever reasonable means
4                 are at its disposal, and evict all occupants and
5                 remove their personal property.  Tsion and Benhour
6                 Hatanian shall cooperate with all requests of
7                 agencies of the United States and representatives
8                 contracted by the United States for access to the
9                 defendant property in connection with a sale
10                pursuant to this paragraph 7.

11     8.    Except as to such rights and obligations created by
12 this Consent Judgment and the plea agreements, Tsion and Benhour
13 Hatanian each agree to release and hold harmless the United
14 States, and any agents, servants, and employees of the United
15 States (or any state or local law enforcement agency) acting in
16 their individual or official capacities, from all claims, actions
17 or proceedings by them and their agents, including, but not
18 limited to, any claim for attorney's fees and/or costs, or
19 interest, which may hereafter be asserted or brought by or on
20 behalf of either of them which arise out of the present action.

21     9.    Except as to such rights and obligations created by this
22 Consent Judgment and the plea agreements, and as to any civil tax
23 liabilities or criminal matters, the United States agrees to
24 release and hold harmless Benhour and Tsion Hatanian from all
25 claims, actions or proceedings against the defendant property on
26 the grounds alleged in the complaint, including, but not limited
27 to, any claim for attorney's fees and/or costs, or interest,
28 which may hereafter be asserted or brought by or on behalf of the

6

United States.

10. Each party shall bear its own costs of litigation and attorney's fees. Each party waives its right to appeal this consent judgment. Entry of this Consent Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

11. The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this consent judgment.

12. There being no just cause for delay, the clerk is hereby directed to enter this consent judgment, which constitutes a final judgment resolving this action as to the interests of Tsion Hatanian and Benhour Hatanian pursuant to F. R. Civ. P. 54(b). As to all other potential claimants to the defendant, the United States shall move for entry of default and default judgment after the expiration of the deadline for filing a claim based on publication (pursuant to Rule G(a)(ii)(B), Supplemental

//
//
//
//
//
//
//
//
//
//
//
//

1 Rules for Admiralty or Maritime Claims or Asset Forfeiture
2 Actions).
3     **SO STIPULATED.**

                                              THOMAS P. O'BRIEN
                                              United States Attorney
                                              CHRISTINE C. EWELL
                                              Assistant United States Attorney
                                              Chief, Criminal Division
                                              STEVEN R. WELK
                                              Assistant United States Attorney
                                              Chief, Asset Forfeiture
                                              Section

DATED: _____  _____
                                           MONICA E. TAIT
                                            Assistant United States Attorney
                                            Attorneys for Plaintiff
                                            United States of America

DATED: _____  _____
                                           TSION HATANIAN, Potential Claimant

DATED: _____  _____
                                           BENHOUR HATANIAN, Potential Claimant

DATED: _____  _____
                                           KENNETH M. BARISH
                                            Attorney for Potential claimants
                                            Tsion Hatanian and Benhour Hatanian

    **IT IS SO ORDERED.**

DATED: July 31, 2008                     */s/ Stephen V. Wilson*
                                            The Hon. Stephen V. Wilson
                                            UNITED STATES DISTRICT JUDGE